IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE § | |
| COMPANY OF AMERICA § | |
| § | C.A. NO. H – 09 – 3819 |
| *vs*. § | ADMIRALTY |
| § | |
| M/V SAGA ANDORINHA, *etc., et al*. § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Company of America files this Original Complaint against Defendants, the M/V SAGA ANDORINHA, *in rem*, and SAGA Forest Carriers International AS ("SAGA"), Cooper/T. Smith Stevedoring Company, Inc. ("Cooper"), Cargoways Warehousing & Trucking Company, Inc. ("Cargoways"), Quick–Catch Trucking, Inc. ("Quick–Catch"), Larry Oswalt Trucking, Inc. ("Oswalt"), Ace Doran Hauling & Rigging Co. ("Ace"), Universal Am–Can Ltd. ("Universal") and CRST Malone, Inc. ("CRST"), *in personam*, and, for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. The Court also has supplemental jurisdiction of Plaintiff's claims against Oswalt, Ace, Universal and CRST under 28 U.S.C. § 1367 because they are so related to the other claims in this action within the Court's original admiralty jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff is a New York corporation with its principal place of business in New York. At all times material, Plaintiff insured a cargo of steel tubes owned by Toyota Tsusho America, Inc. ("Toyota"). Plaintiff brings this action as the subrogated insurer of the cargo, having paid Toyota or its designate under an insurance policy.

4. At all times material, SAGA owned, chartered, managed and/or operated the M/V SAGA ANDORINHA as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai, People's Republic of China, and Houston. SAGA is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. SAGA is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not

designated or maintained a resident agent in Texas. Alternatively, although SAGA may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and SAGA has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over SAGA is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving SAGA with a summons is effective to establish personal jurisdiction over it. SAGA can be served by serving the Texas Secretary of State. Process or notice can be sent to SAGA at its home office located at Ørsnesalleen 17, P. O. Box 51, 3106 Nøtterøy, Norway.

5. At all times material, Cooper was a Texas corporation engaged in the business of loading and discharging cargo to and from vessels at the Port of Houston. Cooper can be served by its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201–4201.

6. At all times material, Cargoways was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and/or intrastate commerce in, to and from places in Texas. Cargoways can be served by its registered agent, Cargoways Ocean Services, Inc., 1201 Hahlo Street, Houston, Texas 77020.

7. At all times material, Quick–Catch was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and/or intrastate commerce in, to and from places in Texas.

Quick–Catch can be served by its registered agent, Debra L. Barker, 270 CR 4867, Dayton, Texas 77535.

8.     At all times material, Oswalt was an Oklahoma corporation. Oswalt is not authorized to do business in Texas but, at all times material, engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and/or intrastate commerce in, to and from places in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oswalt is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code. Oswalt can be served by its registered agent, Maria Garcia, 5721 E. Yandell, Suite C, El Paso, Texas 79925.

9.     At all times material, Ace was an Ohio corporation with its principal place of business in Keller, Texas, engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and/or intrastate commerce in, to and from places in Texas. Ace can be served by its registered agent, Penni Evilsizor–Royston, 8553 N. Beach Street, No. 290, Keller, Texas 76248.

10.    At all times material, Universal was a Delaware corporation with its principal place of business in Warren, Michigan. Universal is not authorized to do business in Texas but, at all times material, engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate

4

and/or intrastate commerce in, to and from places in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Universal is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code. Universal can be served by its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201–4201.

11.     At all times material, CRST was an Alabama corporation with its principal place of business in Birmingham, Alabama. CRST is not authorized to do business in Texas but, at all times material, engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and/or intrastate commerce in, to and from places in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. CRST is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code. CRST can be served by its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201–4201.

12.     On or about August 28, 2008, Toyota's shipper tendered in good order and condition to SAGA at Shanghai a cargo of Cold Drawn Seamless Carbon Steel Tube. SAGA agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. SAGA acknowledged receipt of the cargo in

good order and condition and, accordingly therewith, issued various bills of lading, including Bill of Lading No. SFCRSHAHOU340004, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V SAGA ANDORINHA.

13. Sometime during October 2008, the M/V SAGA ANDORINHA arrived at the Port of Houston where Cooper later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged. The damages and loss proximately resulted from SAGA's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SAGA ANDORINHA.

14. Alternatively, the loss proximately resulted from Cooper's conduct in failing properly to discharge the cargo from the M/V SAGA ANDORINHA. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

15. Alternatively, at all times material, Cargoways, Quick–Catch, Oswalt, Ace, Universal and CRST promised Toyota safely to receive, handle, store at their respective facilities and later re–deliver to Toyota or its designee part or all of the cargo. Sometime during October 2008, SAGA and/or Cooper tendered part or all of

the cargo in good order and condition to Cargoways, Quick–Catch, Oswalt, Ace, Universal and CRST at or near the Port of Houston.  Cargoways, Quick–Catch, Oswalt, Ace, Universal and CRST there acknowledged receipt of part or all of the cargo in good order and condition.

16. During or about from October 31, 2008 through November 5, 2008, Cargoways, Quick–Catch, Oswalt, Ace, Universal and CRST carried the cargo over the road to Toyota's consignee at Sand Springs, Oklahoma and there tendered it to Toyota or its consignee, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed and otherwise physically damaged. The damages proximately resulted from Cargoways', Quick–Catch's, Oswalt's, Ace's, Universal's and CRST's acts and/or omissions constituting negligence, breach of contract, breach of bailment, material breach and/or violations of the duties of a carrier, common carrier and/or bailee of goods for hire.

17. Plaintiff paid Toyota for the loss under an insurance policy and is contractually and legally subrogated to Toyota's interest in the cargo.  Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.  By reason of the premises, Plaintiff proximately has sustained damages of $84,022.50 plus interest dating from August 28, 2008, demand for which has been made upon Defendants, but which they refuse to pay.

18. It has become necessary for Plaintiff to employ the law firm of Sharpe &

Oliver, L.L.P. to recover the damages owed by Cargoways, Quick–Catch, Oswalt, Ace, Universal and CRST. Under Tex.Civ.Prac. & Rem Code § 38.001, Plaintiff is entitled to recover from them its reasonable and necessary attorney fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Company of America prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V SAGA ANDORINHA, her engines, tackle, apparel, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V SAGA ANDORINHA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V SAGA ANDORINHA, *in rem*, and SAGA Forest Carriers International AS, Cooper/T. Smith Stevedoring Company, Inc., Cargoways Warehousing & Trucking Company Inc., Quick–Catch Trucking, Inc., Larry Oswalt Trucking, Inc., Ace Doran Hauling & Rigging Co., Universal Am–Can Ltd. and CRST Malone, Inc., *in personam*, jointly and severally, are liable to Plaintiff for its damages and attorney fees as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007-5096
Telephone:   (713) 864–2221
Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF

*PLEASE SERVE:*

**SAGA Forest Carriers International AS**
By serving the Texas Secretary of State
with copies of service or notice to:
Ørsnesalleen 17
P. O. Box 51
3106 Nøtterøy, Norway

**Cooper/T. Smith Stevedoring Company, Inc.**
By serving its registered agent:
CT Corporation System
350 N. St. Paul
Dallas, Texas 75201–4201

**Cargoways Warehousing & Trucking Company Inc.**
By serving its registered agent:
Cargoways Ocean Services, Inc.
1201 Hahlo Street
Houston, Texas 77020

**Quick–Catch Trucking, Inc.**
By serving its registered agent:
Debra L. Barker
270 CR 4867
Dayton, Texas 77535

**Larry Oswalt Trucking, Inc.**
By serving its registered agent:
Maria Garcia
5721 E. Yandell, Suite C
El Paso, Texas 79925

**Ace Doran Hauling & Rigging Co.**

By serving its registered agent:

Penni Evilsizor–Royston

8553 N. Beach Street, No. 290

Keller, Texas 76248

**Universal Am–Can Ltd.**

By serving its registered agent:

CT Corporation System

350 N. St. Paul

Dallas, Texas 75201–4201

**CRST Malone, Inc.**

By serving its registered agent:

CT Corporation System

350 N. St. Paul

Dallas, Texas 75201–4201